**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING** |
| | ) | **MOTION FOR JUDGMENT** |
| vs. | ) | **OF ACQUITTAL** |
| | ) | |
| Charles Edward Jardee, | ) | |
| | ) | Case No.  4:09-mj-091 |
| Defendant. | ) | |

On February 19, 2010, the court conducted a one-day court trial on the government's complaint charging defendant with assaulting his wife by striking, beating, or wounding in violation of 18 U.S.C. §§ 113(a)(4) and 1152.  At the conclusion of the trial, and with full knowledge of the requisite elements of the offense, the court on the record made a general finding of guilt following the procedures set forth in Fed. R. Crim. P. 23(c).

Defendant has now filed a written motion for judgment of acquittal premised solely upon arguments that the court erred in admitting hearsay testimony from several witnesses with respect to statements made by the defendant's wife, who failed to appear at trial.

One of the arguments that defendant makes is that the court should not have heard the challenged testimony before hearing the foundation evidence that the government proffered supporting the admission of the hearsay under Fed. R. Evid. 804(b)(6), which included some three hours of taped conversations between the defendant from the jail where he was being incarcerated and his wife.  Here, the procedure that the court followed was for the convenience of the witnesses. Rather than make the witnesses who testified to the challenged hearsay wait until the court listened to the approximately three hours of tapes, the court elected to take their testimony subject to the

1

defendant's objections and to rule later on the admissibility of the challenged hearsay, which the court did on the record. Proceeding in this fashion was well within the court's discretion - particularly since this was a court trial. See, e.g., Huddleston v. United States, 485 U.S. 681, 690 (1988) (trial court has broad discretion in controlling the order of proof at trial); United States v. Dittrich, 100 F.3d 84, 86 (8th Cir. 1996) (same); Fed. R. Evid. 104(a)-(c). Defendant has cited no authority to the contrary.

Defendant also argues that the court erred with the respect to the merits of its ruling that the challenged hearsay was admissible under Fed. R. Evid. 804(b)(6). In admitting the evidence, the court first concluded that the defendant's spouse was "unavailable" within the meaning of Rule 804(a) in that: (1) she had been served with, and never released from, a court subpoena; (2) she was aware of the trial date based on her statement during the taped conversations; and (3) she failed to appear. See, e.g., United States v. Flenoid, 949 F.2d 970, 972 (8th Cir. 1991). While this alone is sufficient to satisfy the "unavailability" element, the court also observes that the taped conversations made plain the reason for her nonappearance, *i.e.*, defendant's threats and coercion, and that she did not notify either the court or the government that there was some other reason why she could not appear.

After concluding that defendant's spouse was "unavailable," the court found that defendant did engage "in wrongdoing that was intended to, and did, procure the unavailability of the declarant [defendant's spouse] as a witness" under Rule 804(b)(6), *i.e.*, coercion, implicit threats, and intimidation. See United States v. Scott, 284 F.3d 758, 764 (7th Cir. 2002). Also, at the very minimum, there was collusion to interfere with official process and the administration of justice. See Commonwealth v. Edwards, 830 N.E.2d 158, 172 (Mass. 2005); State v. Hallum, 606 N.W.2d

2

351, 356 (Iowa 2000). For the reasons detailed by the court on the record during the trial and also as set forth by the government in its response to defendant's motion, the court concludes this finding was not error. This being the case, the challenged hearsay was admissible under Rule 804(b)(6), and defendant forfeited his confrontation rights, see, e.g., Giles v. California, 128 S.Ct. 2678, 2690-91 (2008); Davis v. Washington, 547 U.S. 813, 833-834 (2006); Crawford v. Washington, 514 U.S. 36, 62 (2004); Reynolds v. United States, 98 U.S. 145, 157-159 (1878).

Separate and apart from these rulings, there was more than sufficient evidence of a violation of the offense of striking, beating, or wounding at the close of the government's case without considering the challenged hearsay statements to reject the motion made by the defendant for judgment of acquittal at that time. This evidence consisted of the numerous wounds on the victim, the fact she went to the police station, the fact law enforcement officers found the defendant in a nearby motel room, and defendant's admissions in the taped conversations to having been involved in a fight with his wife at the motel room.

At that point, defendant elected to take the stand. He acknowledged having been involved in two separate scuffles with his wife that involved physical contact, but claimed she initiated the scuffles - by allegedly coming at him with a tire iron in the first instance and throwing a can of sauerkraut at him in the second instance - and he did nothing more than fend her off. He claimed he did not know how his wife received her badly bruised and blackened eye, but conveyed the impression it may have happened elsewhere or accidently during one of the scuffles. This testimony was unbelievable based upon: (1) the number and locations of the wounds suffered by the victim; (2) defendant's recorded statements from jail that the court concluded on the record amounted to tacit admissions - particularly when considered collectively; (3) the efforts made by defendant to

procure his wife's nonattendance, which is evidence of consciousness of guilt, see, e.g., United States v. Dittrich, 100 F.3d at 86; and (4) defendant's prior assaults upon his wife[1] that was evidence of the absence of mistake or accident and rebutted his claim of self defense, see, e.g., United States v. Steele, 550 F.3d 693, 701 (8th Cir. 2008) ("Evidence that rebuts a claim of self defense is admissible under Rule 404(b) if it shows an absence of mistake or accident."); United States v. Haukass, 172 F.3d 542, 544 (8th Cir. 1999) (same).  In short, even without considering the challenged hearsay, the evidence was sufficient to establish guilt beyond a reasonable doubt.

    Dated this 4th day of March, 2010.

                                               /s/ Charles S. Miller, Jr.
                                               Charles S. Miller, Jr.
                                               United States Magistrate Judge

---

[1] During the taped telephone conversations from the jail, defendant discussed the fact that he had served time in Montana for a prior assault upon his wife.  And, defendant during his testimony acknowledged two prior convictions for assaulting his wife.