**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER GRANTING DEFENDANT'S** |
| vs. ) | **APPEAL AND A NEW TRIAL** |
| ) | |
| Charles Edward Jardee, ) | Case No. 4:09-mj-091 |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Charles Jardee's "Notice of Appeal" filed on March 11, 2010, appealing his judgment of conviction. See Docket No. 26. Jardee filed an "Appellant's Brief" on April 30, 2010, and the Government filed an "Appellee's Brief" on May 7, 2010. See Docket Nos. 32 and 33.

I.   **BACKGROUND**

On December 18, 2009, Charles Jardee was charged by way of criminal complaint with the misdemeanor offense of assault by striking, beating, or wounding in violation of 18 U.S.C. §§ 113(a)(4) and 1152. See Docket No. 1. Jardee allegedly assaulted his wife, Kristine Anne Jardee, on or about December 17, 2009. Jardee was detained pending trial.

A one-day bench trial was held on February 19, 2010 before Magistrate Judge Charles S. Miller, Jr. At the commencement of the trial, the Government advised the Court that it had served a subpoena on Kristine Jardee, but she was not in attendance at trial. The Government informed the Court it had obtained numerous recorded telephone conversations between the Defendant and his wife that it intended to introduce based upon Rule 804(b)(6) of the Federal Rules of Evidence. Jardee, through his attorney, objected to the admissibility of hearsay, claiming that Kristine Jardee

was not available and the Defendant had not engaged in any conduct which rendered Rule 804(b)(6) applicable. Judge Miller ruled the Government could conditionally introduce Kristine Jardee's hearsay statements during the testimony of the Government's other witnesses, subject to the Court's ultimate decision on the admissibility of those statements. Several witnesses for the Government testified about statements made to them by Kristine Jardee concerning the injuries she received. At the conclusion of the witnesses' testimony, the Government introduced the recorded conversations between Kristine Jardee and the Defendant.

After hearing the evidence, testimony, and the recorded conversations, Judge Miller concluded that Rule 804(b)(6) applied and the hearsay testimony was admissible. Judge Miller ultimately found Jardee guilty of the misdemeanor offense. On March 5, 2010, Jardee was sentenced to a term of imprisonment of time served.

Jardee bases his appeal on two issues: (1) "[t]he trial court committed reversible error by admitting hearsay testimony pursuant to Rule 804(b)(6) of the Federal Rules of [Evidence] when it determined that Charles Jardee engaged, or acquiesced, in wrongdoing that was intended to, and did, procure the unavailability of Christine Jardee"; and (2) "[t]he trial court erred in allowing other hearsay evidence to be presented before the Court had listened to the taped telephone conversations which formed the basis of the government's request to enter hearsay evidence." See Docket No. 32.

## II.  **STANDARD OF REVIEW**

Local Criminal Rule 59.1(D)(1) provides:

A defendant may appeal a judgment of conviction by a magistrate judge in a misdemeanor case by filing a notice of appeal with the clerk within fourteen (14) days after entry of judgment and by serving a copy of the notice upon the United

>States Attorney. The scope of review upon appeal will be the same as appeal from
>a judgment of the district court to the court of appeals. See Fed. R. Crim. P. 58.

The Eighth Circuit Court of Appeals has held that denials of confrontation clause objections are reviewed de novo. United States v. Lee, 374 F.3d 637, 643 (8th Cir. 2004). "If any evidence was admitted in violation of the defendant's confrontation rights, we consider whether the error was harmless beyond a reasonable doubt." Id. (citing Lilly v. Virginia, 527 U.S. 116, 140 (1999)).

### III.    LEGAL ARGUMENT

Rule 804(b) of the Federal Rules of Evidence provides exceptions to the hearsay rule if the declarant is unavailable as a witness. One such exception occurs when "[a] statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness." Fed. R. Evid. 804(b)(6). Both parties agree that the challenged evidence is hearsay.

The Sixth Amendment entitles a defendant to confront and examine witnesses presenting adverse testimony. However, the United States Supreme Court has held that "'the rule of forfeiture by wrongdoing . . . extinguishes confrontation claims on essentially equitable grounds.' . . . That is, one who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation." Davis v. Washington, 547 U.S. 813, 833 (2006) (quoting Crawford v. Washington, 541 U.S. 36, 62 (2004)). Before the right of confrontation is extinguished, evidence must be presented to establish the applicability of Rule 804(b)(6).

In Giles v. California, 128 S. Ct. 2678 (2008), the United States Supreme Court held that the theory of forfeiture by wrongdoing is a narrow exception to the right of confrontation that applies only where the wrongdoer acts to prevent a witness from testifying. In Giles, the defendant shot and

killed his ex-girlfriend. Prosecutors sought to introduce the ex-girlfriend's statements to a police officer responding to a domestic violence report made approximately three weeks prior to the shooting. Id. at 2681. The lower court affirmed the admission of the deceased ex-girlfriend's testimony, finding that such admission did not violate the confrontation clause because Crawford recognized a broad doctrine of forfeiture by wrongdoing. The Supreme Court vacated the lower court's ruling and remanded, concluding that a broad theory of forfeiture by wrongdoing is not an exception to the Sixth Amendment confrontation requirement because it was not an exception established "at the time of the founding or for 200 years thereafter." Giles, 128 S. Ct. at 2693.

In this case, the trial court concluded that threats or coercion had been employed by Jardee which caused his wife's unavailability for trial. A careful review of the recorded conversations suggests that Jardee, on several instances, indicated that his wife did not have to appear if she chose not to, and that unless he was released from jail there may be economic consequences because of an inability to cover the expenses for the Jardees' home. The record is unclear as to whether Jardee ever made any specific threats directed to his wife.

Before hearsay evidence can be admitted, there must be a determination that the defendant intended the witness to be absent through wrongful acts or wrongdoing either of himself or another. Giles, 128 S. Ct. at 2693 (finding that the state courts erred in failing to consider the defendant's intent to dissuade the victim from testifying). In Giles, the Supreme Court held that a criminal defendant cannot waive his right to confront a witness through participation in the commission of the crime itself unless the defendant possessed an intent to procure the unavailability for trial. In this instance, the recorded telephone conversations between Jardee and his wife do not clearly establish an intent on the part of Jardee to procure his wife's unavailability at trial, although it is a

close call and a contrary conclusion could reasonably be reached by others. Arguably, none of the telephone conversations and discussions rose to the level of "wrongdoing" as required under Rule 804(b)(6). The undersigned will give the benefit of doubt to the Defendant under the circumstances.

### IV. CONCLUSION

There was arguably error in admitting the hearsay testimony as the requirements of Rule 804(b)(6) were not clearly met. This error was not harmless beyond a reasonable doubt. Accordingly, the Court **GRANTS** the Defendant's appeal (Docket No. 26). The judgment of conviction in this matter is vacated and the Defendant is granted a new trial. The Clerk is directed to schedule this case for a jury trial as soon as reasonably possible.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court